UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
JS-2/JS-3 ____
Scan Only ____

Case No. MDL-1394-GAF(RCx)          Date: March 26, 2003
        ALL RELATED CASES

Title: In Re Air Crash at Taipei, Taiwan on October 31, 2000
===============================================================
DOCKET ENTRY

===============================================================
HON. ROSALYN M. CHAPMAN, UNITED STATES MAGISTRATE JUDGE

Debra Taylor                    None_____
Deputy Clerk                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANT:
Brian J. Panish                     Rod D. Margo
Kevin R. Boyle                      Scott D. Cunningham
                                    Robert A. Philipson

PROCEEDINGS:  PLAINTIFFS' MOTION FOR RULING ON ADDITIONAL
              DEPOSITIONS

     On March 5, 2003, plaintiffs filed a notice of motion and
motion for ruling on additional depositions, a joint stipulation
with exhibits and the declaration of Donald J. Nolan, and lodged
under seal for in camera review numerous exhibits in support of
their motion.  On the same date, defendant Singapore Airlines
Ltd. ("SIA") filed the opposing declaration of Scott D.
Cunningham with exhibits.  On March 10, 2003, plaintiffs filed an
application to file a work-product and protective order
submission under seal, and on March 12, 2003, SIA filed
objections to plaintiffs' request to submit documents under seal.
This Court granted plaintiffs' request.  On March 11, 2003,
plaintiffs filed their supplemental brief and the supplemental
declaration of Donald J. Nolan and supporting exhibits.

     Oral argument was held on March 26, 2003, before Magistrate
Judge Rosalyn M. Chapman.  Brian J. Panish and Kevin R. Boyle,
attorneys-at-law, appeared on behalf of plaintiffs, Rod D. Margo
and Scott D. Cunningham, attorneys-at-law, appeared on behalf of
defendant SIA, and Robert A. Philipson, attorney-at-law, appeared
on behalf of defendant EVA.

ENTER ON ICMS

MAR 27 200-

729

## DISCUSSION

### I

The joint stipulation of the parties establishes that, to date, plaintiffs have conducted ten depositions, including a Rule 30(b)(6) deposition focusing on "[a]ny investigation by Singapore Airlines, Ltd., regarding these matters."  Joint Stip. at 5:8-23. Defendant SIA designated Captain Alex DeSilva and Philip Cheah as its representatives for the Rule 30(b)(6) deposition.  Joint Stip. at 5, n.1.

By this motion, plaintiffs seek to take the following eight additional depositions:

1.  A Rule 30(b)(6) deposition focusing upon "what transpired inside the cockpit of [SIA flight] SQ006 on October 31, 2000, including what the crew saw, did and said from briefing to evacuation of the aircraft post crash";

2.  Leong Kwok Hong -- SIA Flight Safety Manager and member of the Survival and Records Group that examined the cockpit voice recording;

3.  Tan Kuelem -- In charge of SIA's Crisis Management Center;

4.  Foo Kim Boon -- SIA's Vice-President for Corporate Affairs and Company Secretary, and person who gathered documents provided to plaintiffs pursuant to document requests;

5.  Raymund Ng -- SIA's Senior Vice-President of Flight Operations;

6.  General Bey Soo Khiang -- SIA's Executive Vice-President (Technical) and member of the Board of Directors and Executive Management Head Office;

7.  Huang Cheng Eng -- SIA's Executive Vice-President (Marketing and Regions) and member of Executive Management Head Office; and

8.  Captain Alex DeSilva -- SIA's Director of Safety and Security.

2

Generally, SIA opposes plaintiffs' request to take more than ten depositions, citing the limitation in Rule 30(a)(2)(A). More specifically, SIA objects to the proposed deposition of Foo Kim Boon on the ground he is corporate counsel for SIA and much of his information is privileged or protected as work-product, to the proposed deposition of Captain Alex DeSilva on the ground he has already been deposed in a Rule 30(b)(6) deposition at which he was produced as the person most knowledgeable, and to the proposed Rule 30(b)(6) deposition on the ground there is no particularized need for the deposition.

## II

Rule 30(a)(2)(A) provides for a presumptive limitation of ten depositions per side, requiring that "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if . . . , without the written stipulation of the parties[,] . . . a proposed deposition would result in more than ten depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by third-party defendants[.]" Fed. R. Civ. P. 30(a)(2)(A). As a preliminary matter, it is not at all clear that the limitation set forth in Rule 30(a)(2)(A) applies to multi-district litigation, which, by its definition, involves hundreds of cases and parties. Generally, litigation of such nature and scope requires substantial discovery, including the taking of more than ten depositions.

Assuming arguendo that the limitation in Rule 30(a)(2)(A) applies here, the Court must consider the principles set forth in Rule 26(b)(2), which provides:

> By order, the court may alter the limits in these rules on the number of depositions . . . or the length of depositions under Rule 30. . . . The frequency or extent of use of the discovery methods permitted under these rules . . . shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs

3

of the case, the amount in controversy, the parties'
resources, the importance of issues at stake in the
litigation, and the importance of the proposed discovery in
resolving the issues. . . .

Fed. R. Civ. P. 26(b)(2).

"Rule 30(a)(2)(A) is intended to control discovery, with its
attendant costs and potential for delay, by establishing a
default limit on the number of depositions." Barrow v.
Greenville Independent School District, 202 F.R.D. 480, 483 (N.D.
Tex. 2001). The Advisory Committee Notes to the 1993 Amendments
to Rule 30(a)(2)(A) also emphasis these purposes:

> One aim of this revision is to assure judicial review under
> the standards stated in Rule 26(b)(2) before any side will
> be allowed to take more than ten depositions in a case
> without agreement of the other parties. A second objective
> is to emphasize that counsel have a professional obligation
> to develop a mutual cost-effective plan for discovery in the
> case. Leave to take additional depositions should be
> granted when consistent with the principles of Rule
> 26(b)(2), and in some cases the ten-per-side limit should be
> reduced in accordance with those same principles.

Likewise, the Advisory Committee Notes to the 1993 Amendments to
Rule 26(b) explain:

> Textual changes . . . made in new paragraph [26(b)](2)
> . . . enable the court to keep tighter rein on the
> extent of discovery. The information explosion of
> recent decades has greatly increased both the potential
> cost of wide-ranging discovery and the potential for
> discovery to be used as an instrument for delay or
> oppression. Amendments to Rules 30, 31, and 33 place
> presumptive limits on the number of depositions and
> interrogatories, subject to leave of court to pursue
> additional discovery. The revisions in Rule 26(b)(2)
> are intended to provide the court with broader
> discretion to impose additional restrictions on the
> scope and extent of discovery. . . . The revision also
> dispels any doubt as to the power of the court to
> impose limitations on the length of depositions under
> Rule 30. . . .

4

"In practical terms, a party seeking leave to take more depositions . . . than are contemplated by the Federal Rules . . . must make a particularized showing of why the discovery is necessary." <u>Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn.</u>, 187 F.R.D. 578, 586 (D. Minn. 1977); <u>see also</u> <u>Bell v. Fowler</u>, 99 F.3d 262, 271 (8th Cir. 1996) (District court did not abuse its discretion in denying plaintiff leave to take additional depositions when plaintiff, who was allowed to take 12 depositions, "presented no good reason why the additional depositions were necessary.").

This Court, having reviewed all documents, including the in camera lodgment by plaintiffs, and having considered the factors required by Rules 1, 26(b)(2) and 30(a)(2)(A), finds good cause to authorize the taking of the requested depositions, except for the deposition of Foo Kim Boon. Regarding Mr. Foo, and without determining whether he acts as SIA's corporate counsel, the Court finds plaintiffs have failed to make a particularized showing of the necessity of taking his deposition, merely arguing his deposition should be taken because he was the individual who collected the documents responsive to plaintiffs' requests and plaintiffs need to determine whether the productions were sufficient. That does not meet the standards of Rules 26(b)(2) and 30(a)(2)(A). However, the Court does find that plaintiffs have met their burden of making a particularized showing for the need to depose the other witnesses, including a Rule 30(b)(6) deposition focusing on the events that occurred inside the cockpit of SIA Flight SQ006 on October 31, 2000.[1] <u>Quality Aero Tech. v. Telemetrie Elektronik, GMBH</u>, 212 F.R.D. 313, 319 (E.D. N.C. 2002). In making this finding, the Court finds no merit to SIA's argument that Captain Alex DeSilva has already been examined and, thus, the proposed deposition is his second deposition. Depositions under Rule 30(b)(1) and Rule 30(b)(6) are two entirely different types of depositions. <u>See</u> <u>United States v. J.M. Taylor</u>, 166 F.R.D. 356, 361 (D.C. N.C. 1996) ("The Rule 30(b)(6) designee does not give his personal opinions. Rather, he presents the corporation's 'position' on the topic. Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. The corporation must provide its interpretation of

---

[1] This deposition, of course, would not be necessary if SIA had produced Captain Foong, as ordered by the Court.

documents and events.  The designee, in essence, represents the
corporation just as an individual represents him or herself at a
deposition.  Were it otherwise, a corporation would be able to
deceitfully select at trial the most convenient answer presented
by a number of finger-pointing witnesses at the deposition.
Truth would suffer."  (citations omitted)).  If a corporate
party's designation of the person most knowledgeable under Rule
30(b)(6) would prevent the opposing party from examining that
person as an individual, the corporate party could stymie the
noticing party's ability to examine a key witness, thus defeating
the purpose of allowing two types of depositions.  Moreover, as
plaintiffs argue, the transcript of the Rule 30(b)(6) deposition
of Captain DeSilva shows that his examination was limited solely
to the topic of the Rule 30(b)(6) notice.  Certainly, Captain
Alex DeSilva, as SIA's Director of Safety and Security, has
percipient knowledge of many other subjects than the topic of the
Rule 30(b)(6) deposition that are relevant to plaintiffs' claims
and SIA's defenses.  Finally, there is no doubt that the proposed
topic of the new Rule 30(b)(6) deposition, i.e., events occurring
inside the cockpit of SIA flight SQ006 on the day of the crash,
is relevant -- and plaintiffs have been trying for more than a
year to get this information.  Thus, plaintiffs' motion is
granted, in part, and denied, in part.


## ORDER

      Plaintiffs' motion to take eight additional depositions of
Singapore Airlines, Ltd. is granted, in part, and denied, in
part, as set forth above.  Specifically, plaintiff may take the
depositions of Leong Kwok Hong, Tan Kuelem, Raymond Ng, General
Bey Soo Khiang, Huang Cheng Eng, Captain Alex DeSilva and a Rule
30(b)(6) deposition focusing upon "what transpired inside the
cockpit of [SIA flight] SQ006 on October 31, 2000, including what
the crew saw, did and said from briefing to evacuation of the
aircraft post crash."  Regarding the Rule 30(b)(6) deposition,
defendant Singapore Airlines Ltd. shall designate to plaintiffs
the person most knowledgeable no later than April 2, 2003, at
4:00 p.m. PST.  The depositions of the Rule 30(b)(6) designee and
the other deponents set forth in this Order shall be taken in Los
Angeles, no later than April 25, 2003, unless the parties
unanimously agree otherwise, at the offices of Condon & Forsyth,
or, in the event those offices are not available, at the offices
of Greene, Broillet, Panish & Wheeler.

MDL1394\1394.14
3/26/03



# NOTICE PARTY SERVICE LIST

**Case No.** 01 MDL 1394      **Case Title** In Re Air Crash at Taipei, Taiwan on 10/31/00

**Title of Document** Civil Minutes

| | |
|---|---|
| | Atty Sttlmnt Officer |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | Calderon, Arthur - Warden, San Quentin |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | CA St Pub Defender (Calif. State PD) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Adm |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Fiscal Section |
| | Intake Supervisor |
| | Interpreter Section |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PIA Clerk - Riverside (PIAED) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Santa Ana (PSASA) |
| | PSA - Riverside (PSAED) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |
| | Stratton, Maria - Federal Public Defender |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles |
| | US Marshal Service - Santa Ana |
| | US Marshal Service - Riverside |
| | US Probation Office |
| | US Trustee's Office |

**X** *ADD NEW NOTICE PARTY (\* print name and address below):*

See attached list

*\* Print name & address of the notice party if this is the first time this notice party is being served through Optical Scanning. Print ONLY the name of the notice party if documents have previously been served on this notice party through Optical Scanning.*

*JUDGE / MAGISTRATE JUDGE (list below):*

**Initials of Deputy Clerk** gk 

# MASTER SERVICE LIST
## SINGAPORE AIRLINES FLIGHT SQ006 OCTOBER 31, 2000 CRASH

**PLAINTIFFS' STEERING COMMITTEE:**

John Greaves
Baum, Hedlund, Aristei, Guilford & Schiavo
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Tel: (310) 207-3233
Fax: (310) 820-7444

Kevin Durkin
Clifford Law Office
120 N. LaSalle St., 31st Floor
Chicago, IL 60602
Tel: (312) 899-9090
Fax: (312) 251-1160

Frank Pitre
Cotchett, Pitre & Simon
San Francisco Airport Office Center
840 Malcolm Rd., Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577

Walter J. Lack
Stuart R. Fraenkel
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067
Tel: (310) 552-3800
Fax: (310) 552-9434

Brian J. Panish
Kevin R. Boyle
Greene, Broillet, Taylor, Wheeler & Panish
100 Wilshire Blvd. 21st Floor
Santa Monica, CA 90401
Tel: (310) 576-1200
Fax: (310) 576-1220

Juanita M. Madole
John J. Veth
Speiser Krause
1 Park Plaza, Suite 470
Irvine, CA 92614
Tel: (949) 553-1421
Fax (949) 553-1346

Frank Fleming
Brian Alexander
Mark S. Moller
Kreindler & Kreindler
100 Park Ave., 18th Floor
New York, NY 10017
Tel: (212) 687-8181
Fax: (212) 972-9432

J. Paul Stockdale
Law Offices of J. Paul Stockdale
795 East 24th Street
Ogden, UT 84401
Tel: (801) 621-1384
Fax: (801) 621-1387

Charles M. Finkel
Peter T. Cathcart
Magana, Cathcart & McCarthy
1801 Avenue of the Stars, Suite 810
Los Angeles, CA 90067-5899
Tel: (310) 407-2254
Fax: (310) 407-2255

Don Nolan
Floyd A. Wisner
Nolan Law Group
20 N. Clark St., 30th Floor
Chicago, IL 60602
Tel: (312) 630-4000
Fax: (312) 630-4011

Jamie R. Lebovitz
Kathleen St. John
Nurenberg, Plevin, Heller & McCArthy
1370 Ontario Street, Suite 100
Cleveland, OH 44113-1792
Tel: (216) 621-2300
Fax: (216) 771-2242

Gerald C. Sterns
Eric Steinle
Sterns & Walker
901 Clay St.
Oakland, CA 94607
Tel: (510) 267-0500
Fax: (510) 267-0506

OC12823

# MASTER SERVICE LIST
## SINGAPORE AIRLINES FLIGHT SQ006 OCTOBER 31, 2000 CRASH

**OTHER PLAINTIFFS' ATTORNEYS:**

Garo Mardirossian
Joseph Barrett
Donald Conway
Mardirossian & Associates
6311 Wilshire Blvd.
Los Angeles, CA 90048
Tel: (323) 653-6311
Fax: (323) 651-5511

Rodney E. Moss
Bruce A. Lindsay
MOSS, HOVDEN & LINDSAY
13215 East Penn Street, Suite 100
Whittier, CA 90602-1722
Tel: (562) 698-7963
Fax (562) 698-2155

Gretchen M. Nelson, Esq.
707 Wilshire Blvd. Suite 5000
Los Angeles, CA 90017
Tel: (213) 622-6469
Fax: (213) 622-6019

Michael Jason Lee, Esq.
Law Offices of Michael Jason Lee
15281 Normandie Ave.
Irvine, CA 92604
Tel: (949) 551-1575
Fax: (949) 551-1590

Louis Franecke, Esq.
Mack, Hazelwood & Franecke
300 Montgomery Street, Suite 1060
San Francisco, CA 94104
Tel: (415) 391-1560
Fax: (415) 391-1727

[handwritten: 4380 REDWOOD HWY A6 SAN RAFAEL 94104]

Kenneth Nolan, Esq.
Speiser, Krause, Nolan & Granito
140 East 45th Street, 37th Floor
New York, NY 10017
Tel: (212) 661-0011
Fax: (212) 953-6483

Ron Kovner, Esq.
Muse & Muse
101 Tremont Street, Suite 615
Boston, MA 02108
Tel: 617.542.6081
Fax: 617.695.0306

Ned Good
Good, West and Schuetze
70 South Lake Avenue, #600
Pasadena, CA 91101-2672
Tel: (626) 440-0000
Fax: (626) 449-0214

Eric F. Yuhl
James P. Carr
Yuhl, Rhames, Yuhl & St. Clair
401 Wilshire Blvd. Suite 1070
Santa Monica, CA 90401
Tel: (310) 393-0045
Fax: (310) 393-9869

Elizabeth T. Dunning
Holme Roberts & Owen LLP
~~111 East Broadway~~ [handwritten: 299 S MAIN & STE 1800]
Salt Lake City, UT 84111
Tel: (801) 521-5800

Robert Muse, Esq.
Stein, Mitchell & Mezines
1100 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036
Tel: (202) 737-7777
Fax: (202) 296-8312

Kevin McGuire
Manly & McGuire
555 Anton Blvd. Ste.1200
Costa Mesa, CA 92626
Tel: (714) 557-9999
Fax: (714) 557-9909

# MASTER SERVICE LIST
## SINGAPORE AIRLINES FLIGHT SQ006 OCTOBER 31, 2000 CRASH

**DEFENSE COUNSEL**
Rod D. Margo, Esq.
Stephen R. Ginger, Esq.
Condon & Forsyth LLP
1801 Avenue of the Stars, Ste.1450
Los Angeles, CA 90067
Tel: (310) 557-2030
Fax: (310) 557-1299
*Attorneys for Singapore Airlines*

Richard Grotch, Esq.
Coddington, Hicks & Danforth
555 Twin Dolphin Drive, Suite 300
Redwood Shores
Redwood City, CA 94065-2133
Tel: (650) 592-5400
Fax: (650) 592-5027
*Attorneys for United Airlines, UAL Corp.
and The Star Alliance*

J. Michael Crowe, Esq.
Crowe & Rogan LLP
100 Wilshire Blvd. Suite 200
Santa Monica, CA 90401-1111
Tel: (310) 917-4500
Fax: (310) 917-5677
*Attorneys for Eva Airways*

Keith Gerrard, Esq.
Katherine L. Hilst, Esq.
Perkins Coie, LLP
1201 Third Avenue, 48th Floor
Seattle, WA 98101-3099
Tel: (206) 583-8888
Fax: (206) 583.8500
*Attorneys for The Boeing Company*

Ronald A. McIntire, Esq.
Chung Han, Esq.
Perkins Coie, LLP
1620 26th Street, Sixth Floor
Santa Monica, CA 90404
Tel: (310) 788-9900
Fax: (310) 788-3399
*Attorneys for The Boeing Company*

James W. Hunt, Esq.
Alan Collier, Esq.
Mendes & Mount
725 S. Figueroa Street, 19th Floor
Los Angeles, CA 90017-5419
Tel: (213) 955-7700
Fax: (213) 955-7725
*Attorneys for Goodrich Corp.*

*Page 3*  OC12823