# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

**Case No.:** MDL No. 1394-GAF; **Date:** March 26, 2003
CV 01-887; CV 01-4889; CV 01-10335; and CV 01-5296

**Title:** In re Air Crash at Taipei, Taiwan on October 31, 2000;
Hsu v. SIA; Chang, et al. v. SIA; Chang, et al. v. Boeing, et al.; and Flack, et al. v. SIA

---

### The Honorable Gary Allen Feess, Judge

| Marilynn Morris | None Present |
|---|---|
| **Courtroom Deputy Clerk** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**
None Present

**ATTORNEYS PRESENT FOR DEFENDANTS:**
None Present

**PROCEEDINGS:** (In Chambers)

### A. INTRODUCTION

Before the Court is Defendant Singapore Airlines, Ltd.'s ("SIA") motion to dismiss "the Taiwanese plaintiffs" in four cases on forum non conveniens grounds. At oral argument both parties agreed that the Court lacked jurisdiction over three cases, Chang, et al. v. SIA (CV-01-4889); Chang, et al. v. Boeing, et al. (CV-01-10335); and Flack, et al. v. SIA (CV-01-5296). The Court finds that it does lack subject matter jurisdiction in Chang, et al. v. SIA (CV-01-4889), and Flack, et al. v. SIA (CV-01-5296), and **REMANDS** these cases to Los Angeles Superior Court. However, the Court finds that it apparently has diversity jurisdiction over Chang, et al. v. Boeing, et al. (CV-01-10335). For reasons discussed below, the Court **DENIES** SIA's motion as to that case and as to Hsu v. SIA (CV 01-887).

### B. DISCUSSION
#### 1. The Court Lacks Jurisdiction as to Certain Cases

Although disputed in the parties' memoranda regarding SIA's motion to dismiss on forum non conveniens grounds, all parties conceded at oral argument that the Court lacked jurisdiction over three cases named in SIA's motion. The decedents in Chang, et al. v. SIA; Chang, et al. v. Boeing, et al., and Flack, et al. v. SIA were traveling on round trip tickets originating in Taiwan, and, pursuant to Mingtai Fire and Marine Ins. Co. v. UPS, 177 F.3d 1142 (9th Cir. 1999), this Court has no jurisdiction under the Warsaw Convention over these cases. (Plaintiffs' Opp. at 1). The Court, accordingly, **VACATES** its previous order dismissing SIA and Eva from CV 01-10335 on the grounds that the U.S. was not a proper forum under the Warsaw Convention as regards *those plaintiffs who are heirs of decedents Aiy-Guey Chen and Shun-Laun Lin only*.

Complete diversity does not exist when foreign entities are parties to both sides of an action unless there are U.S. state citizens on both sides who satisfy diversity requirements. Nike, Inc. v. Comerical Iberica de Exclusivas Deportivas, S.A., 20 F.3d 987, 991 (9th Cir. 1994). Accordingly, this

---

Court lacks jurisdiction over Chang, et al. v. SIA (CV 01-4889) and Flack, et al. v. SIA (CV 01-5296) and must **REMAND** them back to Los Angeles Superior Court. See 28 U.S.C. § 1447(c). However, the Court notes that Chang, et al. v. Boeing, et al. (CV 01-10335) includes U.S. Defendants The Boeing Company and Goodrich Corporation as well as various U.S. plaintiffs and, thus, appears to contain U.S. state citizens on both sides who satisfy diversity requirements. The Boeing Company is a Delaware corporation with its principal place of business in Illinois. (Boeing's Answer to Peng Compl., CV 03-212). Goodrich Corporation is a Delaware corporation with its principal place of business in North Carolina. (Goodrich Corp.'s Answer to Peng Compl., CV 03-212). Meanwhile the plaintiffs in Chang, et al. v. Boeing, et al. include California citizens and one Alabama citizen. The presence of aliens on both sides does not defeat complete diversity that otherwise exists. 28 U.S.C. § 1332(a)(3); Nike, Inc., 20 F.3d at 991. Accordingly, this Court has diversity jurisdiction over Chang, et al. v. Boeing, et al. (CV 01-10335).

### 2. Dismissal of the Remaining Cases on Forum Non Conveniens Grounds is Not Warranted

Forum non conveniens denotes the discretionary refusal to exercise jurisdiction that plainly exists. Amer. Dredging Co. v. Miller, 510 US 443, 453 (1994). Forum non conveniens motions require courts to: 1) determine that an adequate forum is available in a foreign country; 2) make a choice of law determination if the case involves a federal statute requiring venue in the U.S.; and 3) balance "private" and "public" interest factors. Ceramic Corp. of Amer. v. Inka Maritime Corp., 1 F.3d 947, 949 (9th Cir. 1993); Lueck v. Sundstrand Corp., 236 F.3d 1137 (9th Cir. 2001). The first requirement is satisfied if the defendant(s) agree(s) to submit to the personal jurisdiction of the foreign country. Lockman Found. v. Evangelical Alliance Mission, 930 F. 2d 764, 768 (9th Cir. 1991). The second requirement is not relevant to this case. Private interest factors that a court should consider include: "the relative ease of access to sources of proof"; residence of the parties and witnesses; availability of compulsory process for attendance of witnesses; the cost of bringing willing witnesses and parties to the place of trial; enforceability of judgments; and "all other practical problems that make trial of a case easy, expeditious and inexpensive." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947); Contract Lumber Co. v. P.T. Moges Shipping Co. Ltd., 918 F.2d 1446, 1449 (9th Cir. 1990). Public interest factors that a court should consider include: the administrative difficulties flowing from court congestion; the local interest in having the matter decided locally; familiarity with governing law and avoidance of unnecessary problems in conflicts of law or application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981); Gulf Oil Corp., 330 U.S. at 508-09; Baumgart v. Fairchild Aircraft Corp., 981 F.2d 824, 837 (5th Cir. 1993).

A domestic plaintiff's choice of forum should not be disturbed "unless the balance is strongly in favor of the defendant." Cheng v. Boeing Co., 708 F.2d 1406, 1410 (9th Cir. 1983) (citing Gulf Oil Corp., 330 U.S. at 508). To succeed on a motion to dismiss for forum non conveniens a defendant must make a clear showing of facts which either "(1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947); Ravelo Monegro v. Rosa, 211 F.3d 509, 514 (9th Cir. 2000); Cheng, 708 F.2d at 1410 (citations omitted). Applying this standard, the Court should treat "forum non conveniens as an exceptional tool to be employed sparingly," and should not "perceive it as a doctrine that compels plaintiffs to choose the optimal forum for their claim." Ravelo Monegro, 211 F.3d at 514. See also Dole Food Co. v. Watts, 303 F.3d 1104, 1118 (9th Cir. 2002).

In their motion, SIA asserts that "Plaintiffs in these actions are all Taiwanese citizens and/or residents." (Mot. at 1). However, SIA's assertion is incorrect as to Plaintiffs Corwin and Susan Hsu, who are U.S. citizens and residents, aged 79 and 74 years of age. (Hsu Opp. at 4). Nor is this statement true as to most of the remaining plaintiffs in Chang, et al. v. Boeing, et al. (CV 01-10335).

The Court also finds that the private and public interest factors favor this forum. SIA is currently defending against multiple plaintiffs in this forum and so would suffer no undue burden in having to defend against a few additional cases. Meanwhile, the U.S. plaintiffs and their U.S. witnesses would find it extremely inconvenient to litigate in a foreign forum. Indeed, the Hsus maintain that they, at 79 and 74 years of age, "do not have the physical or emotional strength to travel to Taiwan for this trial," and so a transfer would "effectively preclude Plaintiffs from attending their own trial." (Hsu Opp. at 5). In addition, the Court will apply U.S. law to these plaintiffs' claims, and the U.S. clearly has an interest in protecting and adjudicating the rights of U.S. citizens against a defendant airline operating a flight destined for California. In sum, SIA has not established "such oppressiveness and vexation" as to be all out of proportion to plaintiffs' convenience. Nor has SIA established that the Court's own administrative and legal problems warrant dismissal. Accordingly, the Court **DENIES** SIA's motion as to Hsu v. SIA (CV 01-887) and Chang, et al. v. Boeing, et al. (CV 01-10335).

## C. CONCLUSION

For the reasons set forth above, the Court **REMANDS** CV-01-4889 GAF (RCx), Chang, et al. v. SIA (BC 248959), and CV-01-5296 GAF (RCx), Flack, et al. v. SIA (BC 250266); and **DENIES** SIA's motion to dismiss CV-01-887 GAF (RCx), Hsu v. SIA, and CV-01-10335, GAF (RCx), Chang, et al. v. Boeing, et al. on forum non conveniens grounds.

IT IS SO ORDERED.